UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MARK D. BRODRICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:13-cv-01528-SLD-JEH |
| ) | |
| COMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

ORDER

Before the Court is the Report and Recommendation of United States Magistrate Judge Jonathan Hawley, ECF No. 18, filed on February 19, 2015. Plaintiff Mark Brodrick filed his Objection to the Report and Recommendation, ECF No. 19, on March 5, 2015.

The Court may accept, reject, or modify (in whole or in part) the findings or recommendations of the Magistrate Judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review de novo the portions of the report to which objections are made. *Id.* In making this determination, the Court must look to all of the evidence contained in the record and "give fresh consideration to those issues to which specific objections have been made." *Rajaratnam v. Moyer*, 47 F.3d 922, 924 n.8 (7th Cir. 1995) (internal quotation marks omitted). It must review the other portions of the report for clear error. *See Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

As an initial matter, the Court notes that the Magistrate Judge's role was simply to determine whether the decision of the Administrative Law Judge ("ALJ") was supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a

1

reasonable mind might accept as adequate to support a conclusion." *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). "The ALJ is not required to address every piece of evidence or testimony presented, but must provide a 'logical bridge' between the evidence and the conclusions . . . ." *Jones v. Astrue*, 623 F.3d 1155, 1160 (7th Cir. 2010). This Court may not reweigh evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. See *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir.2004).

On June 14, 2012, the ALJ found that Plaintiff had the "residual functional capacity" ("RFC") to perform light work, AR 15,[1] despite also finding that Plaintiff suffered severe impairment from degenerative joint disease of his right rotator cuff, degenerative joint disease of the knees, and a history of left ankle fractures, AR 11. The ALJ found, pursuant to 20 C.F.R. §§ 404.1569, 404.1569(A), 416.969, and 416.969(a), that there were a significant number of jobs in the national economy that Plaintiff could perform, AR 17, and thus denied his claim for benefits, AR 18. Brodrick filed suit against the Commissioner of Social Security, ECF No. 1, and filed a Motion for Summary Judgment, ECF No. 11, while the Commissioner filed a Motion for Summary Affirmance, ECF No. 15. The Magistrate Judge duly issued a Report and Recommendation.

> Plaintiff alleges in his Memorandum in Support of Motion for Summary Judgment that:
>
> 1) the Commissioner and ALJ erred in failing to obtain evidence from the prior record; 2) the ALJ erred in not ensuring medical records were complete for an unrepresented person; 3) the ALJ erred in failing to adopt the credibility of [Plaintiff's] pain as a limitation; and 4) the ALJ failed to consider all [Plaintiff's] impairments in establishing his RFC.

Report and Recommendation ("R&R") 10; *see* Mem. Supp. Mot. Summ. J. 3, 5, 8, 11; ECF No. 12. In a detailed, 20-page Report, the Magistrate comes to the following conclusions in rejecting

---

[1] References to the Administrative Record are identified as AR [page number]. The Administrative Record appears in the docket as ECF No. 9.

2

the validity of each of Plaintiff's claims: 1) Plaintiff points to no medical records the ALJ failed to consider that might have affected the ALJ's determination, R&R 13–14; 2) the second claim for benefits fails for the same reason the first claim failed, *id.*; 3) the ALJ made his credibility determinations about Plaintiff's pain on the basis of a reasoned and supported discussion of Plaintiff's medical problems, R&R 15–16; and 4), ALJs are "required only to incorporate into [their] hypotheticals those impairments and limitations that [they accept] as credible," R&R 19 (quoting *Simila v. Astrue*, 573 F.3d 503, 521 (7th Cir. 2009)). On the strength of this analysis, the Magistrate Judge recommends that Plaintiff's Motion for Summary Judgment be denied and Defendant's Motion for Summary Affirmance be granted. R&R 20.

In his Objection to the Report and Recommendation, Plaintiff contends that the Magistrate Judge's assessment of the ALJ's determinations about Plaintiff's credibility is patently wrong. Objection 5. To support this claim, Plaintiff recites his medical history in some detail, in order to suggest that the testimony he offered about his pain and its disabling effects was credible. But he does nothing to show that the ALJ failed to support his credibility determination with substantial evidence. Although the Court reviews the ALJ's determination on this issue directly, the Court plays an "'extremely limited' role. [The Court] will not 'displace the ALJ's judgment by reconsidering facts or evidence, or by making independent credibility determinations.'" *Simila*, 573 F.3d at 513 (quoting *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008)). Thus Plaintiff's contention that the ALJ's credibility determination was wrong gets him nowhere; this Court will not review that determination. And, like the Magistrate Judge, the Court finds that the credibility determination was supported by extensive discussion of Plaintiff's health problems, and thus, was supported by substantial evidence. *See* R&R 15–16.

The Court finds that the remainder of the Report and Recommendation does not contain clear error. *See Zema*, 170 F.3d at 739. Having reviewed and considered the Report and Recommendation, together with the entire record, the Court concurs with the recommendation of the Magistrate Judge for the reasons set forth in his Report and Recommendation. The Court also determines that no further proceeding is necessary.

Accordingly, the Report and Recommendation of the Magistrate Judge, ECF No. 18, is ADOPTED. Plaintiff's Motion for Summary Judgment, ECF No. 11, is DENIED, and Defendant's Motion for Summary Affirmance, ECF No. 15, is GRANTED. The Clerk is directed to enter judgment, closing the case.

Entered this 30th day of March, 2015.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE